IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephanie Williams,                   :
               Appellant        :
                                : No. 958 C.D. 2016
             v.                   :
                                  : Submitted: July 28, 2017
Philadelphia Housing Authority    :

*OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM                                   FILED: October 24, 2017

Stephanie Williams (Appellant) appeals from a May 16, 2016 order of the Court of Common Pleas of Philadelphia County (trial court), which denied her motion for judgment, motion for clarification, and three motions for reconsideration.

**Facts and Procedural History**

Park Circle Associates L.P. (Park Circle) filed a landlord-tenant complaint against Appellant on June 15, 2012.[1] The complaint requested judgment of possession and alleged that Appellant breached certain lease provisions related to the harassment of management and loud disturbances.[2] After Appellant failed to

---

[1] The complaint was filed before the Philadelphia Municipal Court at Case No. LT-12-06-15-4926.

[2] The complaint states that, on June 12, 2012, Park Circle notified Appellant that she was to vacate the subject premises by June 22, 2012.

appear at the August 17, 2012 hearing to consider the complaint, the Philadelphia Municipal Court entered default judgment in favor of Park Circle on that same day.[3]

Based upon the default judgment, the Philadelphia Housing Authority (PHA) sent a Notice of Termination for Breach of Lease Condition (Notice) to Appellant, notifying her that her participation in PHA's Housing Choice Voucher Program (HCV Program) would be terminated. Appellant appeared *pro se* at an agency hearing on January 25, 2013, to contest the Notice. On February 12, 2013, the hearing officer terminated Appellant's participation in the HCV Program, determining that she breached certain lease conditions related to loud disturbances and the harassment of management.

Appellant appealed the termination of her vouchers to the trial court on March 6, 2013.[4] After oral argument, the trial court issued an order dated October 25, 2013, denying Appellant's appeal. Appellant then filed a motion for reconsideration which was denied by the trial court by order dated November 18, 2013.

Appellant appealed to this Court on December 3, 2013.[5] The trial court issued a Pa.R.A.P. 1925(a) opinion dated February 4, 2014, requesting that this Court deny the appeal due to Appellant's failure to timely appeal the trial court's October 25, 2013 order affirming the hearing officer's decision, thereby waiving her

---

[3] The default judgment granted Park Circle possession of the premises as of August 17, 2012, and directed Appellant to pay costs in the amount of $83.00 to Park Circle. On April 17, 2015, Park Circle filed a satisfaction of judgment asking the prothonotary to mark the judgment as satisfied with respect to Appellant.

[4] The appeal of the hearing officer's decision was filed with the trial court at 2013 No. 622.

[5] The appeal of the trial court's decision was filed with the Commonwealth Court at Docket No. 2386 C.D. 2013.

right to appeal. On that same day, this Court dismissed the appeal as untimely. Appellant then filed a petition for allowance of appeal to the Supreme Court, but said petition was denied on July 16, 2014. A subsequent application for reconsideration was denied on August 27, 2014.

In 2016, Appellant began to serially file pleadings related to the judgment for possession and her termination from participation in the HCV Program.[6] Her serial filings commenced on April 7, 2016, with the filing of a petition to mark judgment satisfied (Control No. 16045064). That petition was denied by the trial court on April 14, 2016. She filed a motion for clarification on April 22, 2016 (Control No. 16045264). On April 26, 2016, Appellant filed a motion to amend judgment (Control No. 16045300) and a motion for protective order (Control No. 16045303). The very next day, she filed a motion for judgment (Control No. 16045321). In early May 2016, the trial court denied the motion for clarification, motion to amend judgment, and motion for protective order.

Subsequently, Appellant filed a second motion for clarification (Control No. 16045284) and three additional motions for reconsideration (Control Nos. 16055151, 16055152, and 16055153). On May 16, 2016, the trial court issued an order denying the motion for judgment, the second motion for clarification, and the three motions for reconsideration, noting that Appellant:

> serially filed motions with regard to a [p]etition to have a judgment marked satisfied. The underlying [p]etition is procedurally improper because there is no cause of action "to mark a judgment satisfied;" [Appellant] has not provided the information to the [trial court] about any recorded judgment in the Court of Common Pleas as to [Appellant] and the attached opinion in Case ID

---

[6] The filings were made before the trial court at Case No. 160400574.

3

1300300622 resulted in a finding against [Appellant]. She cannot collaterally attack such Order of the Court by filing the [] [p]etition.

(Trial court order, May 16, 2016, at n.1.)

Appellant thereafter filed a notice of appeal with the trial court, and that appeal is currently before us.[7]

## Discussion

Upon review of the underlying record, including the motions filed by Appellant, as well as her brief to this Court, we cannot determine the substance, if any, of Appellant's legal argument, nor can we ascertain the relief that Appellant is requesting.

In her motions, Appellant appears to be asking the Court to review PHA's termination of her participation in the HCV Program. Although the record contains a multitude of documents assumedly offered by Appellant, we are unable to discern the relevance of those documents to the matter on appeal.[8] Appellant presents no apparent legal argument or facts to support her pleadings, and fails to explain how the documents of record impact either her eviction or HCV Program termination.

---

[7] PHA failed to file its brief by the proscribed deadline. Therefore, by order dated July 21, 2017, we precluded PHA from filing a brief or participating in oral argument, if scheduled, and directed that Appellant's notice of appeal be submitted on her brief only.

[8] These documents included, for example, a letter from paralegal David Wengert of Community Legal Services of Philadelphia (CLS) stating that Appellant's "requested assistance [in] getting [her] voucher back" was denied based upon merit after CLS determined that "there [was] nothing [it] [could] do to assist [her];" an alias writ of possession dated September 18, 2012; notes that appear to have been written to a disability attorney; various docket sheets from family and criminal court matters; and a notice of appeal from an adjudication of the Department of Transportation.

More importantly, we agree with the trial court's reasoning for denying the motions—the underlying pleading, a motion to mark judgment as satisfied, is procedurally deficient as no such cause of action exists under Pennsylvania law. Even if it did, Appellant failed to include any information regarding the subject judgment. Based upon the record before us, we are left to assume that Appellant's motion relates to the judgment for possession entered against her on July 12, 2012. If that is so, the record indicates, first, that Park Circle filed satisfaction of judgment on April 27, 2015, and second, that Appellant previously filed a petition to open the judgment. Regardless, over four years have passed since the judgment was entered, and any attempt to attack that judgment now is untimely.

Alternatively, any attempt of Appellant to seek reversal of the termination of her participation in PHA's HCV Program must also be precluded. Appellant appealed the hearing officer's order terminating her vouchers, but the trial court denied her appeal. This Court ultimately dismissed her appeal as untimely, and our Supreme Court denied her petition for allowance of appeal. Thus, Appellant has exhausted her appeals relating to that matter, and she cannot collaterally attack the hearing officer's order. In other words, any attempt by Appellant to relitigate that matter through her motion to mark judgment as satisfied, and subsequent related motions, was properly rejected by the trial court.

Accordingly, we affirm the trial court's May 16, 2016 order.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephanie Williams,                                    :

5

|  |  |  |
|---|---|---|
| Appellant | : | |
| | : | No. 958 C.D. 2016 |
| v. | : | |
| | : | |
| Philadelphia Housing Authority | : | |

**PER CURIAM**          <u>***ORDER***</u>

AND NOW, this 24th day of October, 2017, the order of the Court of Common Pleas of Philadelphia County dated May 16, 2016, is hereby affirmed.